## MARYLAND ET AL. *v.* LOUISIANA

No. 83, Orig.   Decided May 26, 1981—Decree entered June 15, 1981

### DECREE

This cause having come on to be heard on the exceptions to the Reports of the Special Master dated May 14, 1980, and September 15, 1980, and having been argued by counsel and this Court having stated its conclusions in its opinion announced May 26, 1981, 451 U. S. 725, and having considered the positions of the respective parties as to the terms of this decree, IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. The exceptions of the defendant State of Louisiana to the Report of the Special Master dated May 14, 1980, are overruled and accordingly:

(a) the motions of the State of New Jersey, the United States and the Federal Energy Regulatory Commission, and Columbia Gas Transmission Corporation et al., for leave to intervene as party plaintiffs are granted; and

(b) the motion of Associated Gas Distributors for leave to file a brief as *amicus curiae* is granted.

2. The exceptions of the defendant State of Louisiana to the Report of the Special Master dated September 15, 1980, are overruled, the plaintiff's exceptions are sustained to the extent indicated in this Court's opinion, and accordingly:

(a) the motion of the defendant State of Louisiana to dismiss the bill of complaint is denied; and

(b) the motion of the plaintiff States for judgment on the pleadings is granted in part.

3. The motion of the plaintiff States for entry of decree and the motion of the Solicitor General for entry of decree

are granted. The motion of the defendant State of Louisiana for entry of decree is denied.

4. Section 1 of the Louisiana First Use Tax Act, La. Rev. Stat. Ann. § 47:1303C (West Supp. 1981), violates the Supremacy Clause and the Louisiana First Use Tax Act, La. Rev. Stat. Ann. §§ 47:1301–47:1307 (West Supp. 1981), is unconstitutional under the Commerce Clause.

5. Effective with the date of entry of this decree, the defendant State of Louisiana, its officers, agents, and employees are permanently enjoined and prohibited from collecting the Louisiana First Use Tax.

6. Within thirty (30) days after the entry of this decree, the defendant State of Louisiana shall:

(a) render to the plaintiffs and file with the Court a true, full, accurate, and appropriate account of any and all revenues collected pursuant to the First Use Tax Act and of the interest earned by the defendant as a result of its investment of these revenues and the interest earned thereon; and

(b) refund to the taxpayers any and all revenues collected pursuant to the First Use Tax together with any and all interest earned as a result of its investment of these revenues and the interest earned thereon, but to the extent that the First Use Tax revenues and the interest earned thereon have been invested by the defendant State of Louisiana in interest-bearing securities, the defendant State of Louisiana shall transfer to the taxpayers the proceeds of principal and interest from such securities as each of such securities matures.

7. The Court retains jurisdiction to entertain such further proceedings, enter such orders, and issue such writs as may from time to time be deemed necessary or advisable to give proper force and effect to this decree or to effectuate the rights of the parties in the premises.

JUSTICE POWELL took no part in the consideration or decision of these motions or this decree.