[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The petitioner ("Edwards") is currently serving a seven year prison sentence. On July 16, 1997 Edwards filed a habeas corpus petition asserting his due process rights were infringed by a failure of the institution's alleged failure to consider petitioners appeal of a disciplinary hearing.
On June 1, 1998 the respondent ("Warden") filed a motion to dismiss on the ground that petitioner has not alleged a claim upon which habeas corpus relief may be granted.
Edwards in his petition asserts that there were mistakes on the incident report concerning an assault on a corrections officer. Although he asserts he was not allowed an I appeal and that he never received a decision, the court determined that such claims are i without merit. See letter in filed dated June 24, 1998 from the office of the Attorney General Ann E. Lynch, Ass't Attorney General.
The petitioner further asserted that the report will affect his chance for parole. The issue raised by the petitioner regarding the merit of his disciplinary ticket are not the subject of this discussion. The petitioner was not erroneously deprived of his right to appeal[1] (See Attorney General Letter).
There is no constitutional or common law right to appeal; rather, a right to appeal exists only if one has been created by statute. See, e.g., Gains v. Manson, 194 Conn. 510, 515,481 A.2d 1084 (1984); State v. Figueroa, 22 Conn. App. 73, 75 576 a.2d 553 (1990); State v. Delgado, 8 Conn. App. 273, 280, 513 A.2d 701
(1986). The Code of Penal Discipline, Administrative Directive 9.5, § 38 establishes a right of appeal to inmates aggrieved CT Page 8044 by a disciplinary hearing decision. Section 38 states in pertinent part: "An inmate may appeal a disciplinary action by completing the Disciplinary Hearing Appeal form. . . . Each unit shall provide Disciplinary Appeal Forms, and a mail box clearly i marked `Disciplinary Appeal', for inmates to submit a disciplinary appeal. The Disciplinary Coordinator shall remove and immediately forward all appeals, along with any other appropriate documents used in the adjudication of the Disciplinary Report, to the Unit Administrator, appropriate, who shall not delegate the authority to respond to disciplinary appeals.... The appeal must be submitted witnin 15 days of the receipt of the Disciplinary Process Summary by the inmate. The appropriate Unit Administrator shall respond to any appeal within 30 business days of the receipt of the appeal."
The court heard the petitioner further argue that he had a liberty interest in parole claiming that the disciplinary ticket would affect his eligibility. (Edwards letter date June 15, 1998)[2]
The respondent cited for the court two cases in support of the Warden's position that the petitioner does not have a liberty interest in parole, specifically Connecticut Board of Pardons v.Dumschat, 452 U.S. 457 (1981) and Sandin v. Conner,515 U.S. 472 (1995).
In Connecticut Board of Pardons v. Dumschat, the Court held that a petitioner, who filed a Civil Rights claim in federal court asserting a Due Process right to a written decision by the Board, has the right to seek commutation of sentence but "'no constitutional or inherent right' to commutation of his sentence." Dumschat at 464. "The Connecticut commutation statute, having no definitions, no criteria, and no mandated `shells' creates no . . . constitutional entitlement." Id. at 466. Before a claim under the Due Process Clause can protect the petitioner, there must be an underlying right in existence. Id. at 466.
In Sandin v. Conner, in which the petitioner claimed his procedural Due Process rights were violated because he was precluded from presenting witnesses at a disciplinary hearing, the Court redirected the legal authority concerning liberty interests to the statutes, rather than the Administrative Directives. Sandin v. Conner, 515 U.S. 472 483 (1995) ("We believe that the search for a negative implication from mandatory language in I prisoner regulations has strayed from the real CT Page 8045 concerns undergirding the liberty protected by the Due Process Clause."). Contrary to many petitioner's claims, "the Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." Id. at 478.
 Following Wolff, we recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. But these interests will be generally limited to freedom from restraint which. while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Id. at 483-84.
Under Connecticut law, the relevant parole statute is found in the Connecticut General Statutes Section 54-125, which cites several cases that have held that this statute "`creates no protected constitutional or statutory liberty interest in parole release that gives rise to a claim of illegal confinement in a habeas corpus action." Endnotes of C. G. S. Sec.54-125, citing Vincenzo v. Warden, 26 Conn. App. 132, 140, 142.
In Vincenzo v. Warden, the Connecticut Appellate Court held that the Connecticut parole statute "did not give rise to a protected liberty interest in parole release." Vincenzo vWarden, 26 Conn. app. 132, 599 A.2d 31 (1991).
 [T]he existence of a protected liberty interest in parole release depends upon the state parole statute. If the state parole statute mandates that a prisoner must be released if the prisoner meets statutorily created substantive criteria, then a protected liberty interest in parole release exists. On the other hand, if the state parole statute leaves the ultimate parole decision to the discretion of the parole board, even if the prisoner meets the statutorily created criteria, then a prisoner cannot claim a protected liberty interest in parole release. Lewis v. Barbieri, 1996 Ct. Sup. 2895, April 11, 1996 (Sullivan, J.).
"If a liberty interest is not involved, there can be no appeal even if the requirements of due process are not satisfied, since the Fourteenth Amendment only guarantees due process in cases involving liberty interests." Stern, Peter, ConnecticutCT Page 8046Prisoners' Rights, 42 (1997).
Accordingly motion to dismiss is granted.
Frank S. Meadow Judge Trial Referee